UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MILES, SR., | No. 2:21-cv-01143 TLN GGH P |
| Petitioner, | |
| v. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the

////

1

petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

Petitioner's habeas petition purports to challenge a 2012 conviction from the Los Angeles County Superior Court. ECF No. 1 at 1. However, petitioner appears to also be challenging conditions of confinement based on an alleged attack by a correctional officer at Folsom State Prison. Id. at 1-2. Because it is unclear whether or not petitioner is seeking to challenge a conviction or bring a 42 U.S.C. § 1983 action challenging his conditions of confinement, the undersigned will provide petitioner leave to amend. Based on petitioner's unclear contentions, the court cannot determine whether petitioner has properly brought a habeas action. Petitioner will be afforded an opportunity file an amended petition in order to correct these discrepancies and provide the court with more information on the specific allegations and which conviction, if any, he is seeking to challenge.

In its current form, the petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases.  Therefore, the petition is dismissed with leave to amend.  Rule 4, Rules Governing Section 2254 Cases.  In the amended petition, petitioner must set forth which conviction he is seeking to challenge, state each claim for relief and summarize the facts he alleges support each of the identified claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in a recommendation that this action be dismissed;

2. Petitioner's petition for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

3. Any amended petition must bear the case number assigned to this action and the title "First Amended Petition"; and

////

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

4. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district and the court's form application for writ of habeas corpus.

Dated: August 2, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE