(1). United State District Court
Eastern District of California
Attention

FILED
JUL 19 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

Eastern District Court number(s) 2:19-cv-01887 MCE CKD

Mr. Maurice Miles, Sr. The Poet Plaintiff
v. Garland et al, And People of the State of California et al Defendant(s)

Plaintiff's Motion to move the Court Judges to Re-open All following Eastern District Court cases, and grant relief Plaintiff seek from All cases above and below, in the name of "Justice"

Federal Question 1331 1332 1333 1334 42 U.S.C §§ 1986

2:21-cv-01143-TLN-DB (HC)
2:21-cv-00989-KJN-AC (PC)
2:14-cv-02196-JLN-EFB (HC)
1:14-cv-01683-SKO (PC)
1:14-cv-01606-SKO (HC)

Nixon v. U.S. 1974
Maryland v. Brady 1963
Murbury v. Madison 1803
Strickland v. Washington 1984

Plaintiff's Due Process has been sabotaged. Unfair competition, cruel and unusual punishment, 1st 4th 5th 6th 7th 8th and 14th Amendment violations... Plaintiff seek relief from these parties violation(s)

//

(2);

(1). Plaintiff Seek "Relief" From THE Above Eastern District Court Cases in The name of Justice... Re-Open All The Cases That's Been Closed Due To unfair Competition And Due Process Violation(s)........ Plaintiff was "Falsily charged" And "Convicted" on False And Perjured Testimony And/OR Evidence; From A 2011 Case; Where Plaintiff was ultimately found "Not Guilty" For charges And/OR Count's (1); (2); (3); (4); And (5) (Ref: Marbury v. Madison 1803 6th U.S. Constitutional Right Strickland v. Washington 1984 Title VI Civil Rights Act 1964) The People of The State of California found Plaintiff "Not Guilty"... The Los Angeles District Attorney Fail To Prove His Case Beyond A Reasonable Doubt... Also see Nixon v. U.S. 1974;

(2) It is A Requirement That

(3).

CANNOT BE DEEMED TO BE SATISFIED BY MERE NOTICE AND HEARING IF A STATE HAS CONTRIVED A CONVICTION THROUGH THE PRETENSE OF A TRIAL WHICH IN TRUTH IS BUT USED AS A MEANS OF DEPRIVING A DEFENDANT OF LIBERTY THROUGH A DELIBERATE DECEPTION OF COURT AND JURY BY THE PRESENTATION OF "TESTIMONY" KNOWN TO BE PERJURED... SUCH A CONTRIVANCE BY A STATE TO PROCURE THE CONVICTION AND IMPRISONMENT OF A DEFENDANT IS AS INCONSISTENT WITH THE RUDIMENTARY DEMANDS OF JUSTICE AS IS THE OBTAINING OF A LIKE RESULT BY INTIMIDATION... SEE ALMEIDA V. BALDI 195 F.2d 815 33; THOMPSON V. DYE 221 F.2d 763 MOONEY V. HOLOHAN, 294 U.S. 103, 112 55 S CT 340 342...

(3)

IN PYLE V. KANSAS 317 U.S. 213, 215 216, 63 S CT 177, 178, 87 L ED 214:

PETITIONER'S PAPER'S ARE INEXPERTLY DRAWN. BUT THEY DO SET FORTH

(4).

Allegation's That His imprisonment Resulted From Perjured Testimony Knowingly Used By The State Authorities To obtain His Conviction And From The deliberate Suppression By Those Same Authorities of Evidence Favorable To Him... These Allegations Sufficiently Charge A deprivation of Rights guaranteed By The Federal Constitution, and if Proven Would entitle Petitioner To Be Release From His Present Custody; Mooney V. Holohan 294 U.S. 103, 55 S Ct 340, 79 L Ed 791...

(4).

Napue V. illinois 360 U.S. 264 269 79 S Ct 1173, 3 L Ed. 2d 1217:

The Same Result obtains When The State, Although not Soliciting False Evidence Allow's it To go uncorrected When it Appears... And see Alcorta V. Texas 362 U.S. 607, 80 S Ct 103 2 L.Ed. 2d 9., Wilde V. Wyoming 362 U.S. 607, 80 S Ct 900 4 L Ed 985 cf. Durley V. Mayo 351 U.S. 277, 285, 76 S Ct 806 811 100...

(5)

THE COURT now HOLD THAT. SUPPRESSION BY THE PROSECUTION OF EVIDENCE FAVORABLE TO AN ACCUSED UPON REQUEST VIOLATES DUE PROCESS WHERE THE EVIDENCE IS MATERIAL EITHER TO GUILT OR TO PUNISHMENT; IRRESPECTIVE OF THE GOOD FAITH OR BAD FAITH OF THE PROSECUTION... SEE GILES V. STATE 229 Md. 370 183 A 2d 359 WHEELER V. STATE 42 Md 563, 570 BELL V. STATE 57 Md 108, 120 BEARD V. STATE 71 Md 275, 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, 1045 DICK V. STATE 107 Md 11, 21 68 A 286; 290 cf. VOGEL V. STATE 163 Md 267 162 A 705.

(5). SEE PLAINTIFF'S CASE IN 2:21-CV-00989-KJM-AC (PC) MILES V. SCHUBERT ET AL FILED 6-3-2021... IN THIS CASE PLAINTIFF APPEAL FROM THE ILLEGAL ACT'S THAT HAS BEEN EMPOSED AGAINST HIM; AND SEEK RELIEF FROM THOSE PROCEEDINGS... PLAINTIFF

(6).

is now Detained At A "State" "Hospital", Due To an ineffective, incompetent Lazy Los Angeles "public defender" And/or "Lawless" "Racketeer fraud Court System" Where detainee's Are Being found Incompetent To Stand Trial for no Valid or Reasonable Reason ETC ETC ETC...

(6) The Kyles Court Specifically Stated That The prosecution has a duty To disclose material Exculpatory Evidence That The defense might use To Attack The Character and Substance of The "Commonwealth's investigation in short; Evidence of Shoddy policework can Be Exculpatory Evidence for The defendant...

There are any number of ways defense counsel can induce disclosure of mistake or Bad faith in a police investigation... Request are Best directed at Evidence Regarding

(7)

OTHER POTENTIAL OR ACTUAL SUSPECTS LEADS AND INFORMANTS THAT THE POLICE WERE AWARE OF AND PRIOR INCONSISTENT STATEMENTS OR IDENTIFICATIONS...

AS THE KYLES COURT SUGGESTS EVIDENCE THAT POLICE DID NOT PURSUE CERTAIN SUSPECTS OR LEADS DIRECTLY RELATES TO THE QUALITY OF THE INVESTIGATION AND MAY BE EXCULPATORY TO THE DEFENSE...

KYLES MAKES CLEAR THAT THE PROSECUTOR MUST ACCOUNT FOR ALL "COMMONWEALTH "ACTORS" AND ANY EXCULPATORY EVIDENCE GATHERED BY THOSE "ACTORS" IN ORDER TO FULFILL ITS RESPONSIBILITY: THE INDIVIDUAL PROSECUTOR HAS A DUTY TO LEARN OF ANY FAVORABLE EVIDENCE KNOWN TO THE OTHER ACTING ON THE GOVERNMENT'S BEHALF IN THE CASE, INCLUDING THE POLICE... IN ORDER TO TARGET ALL POSSIBLE LINES OF COMMUNICATION [redacted] FLOWING TO THE PROSECUTOR.

(8)

defense Attorney's in their discovery motions should Request such information from All Law Enforcement Actors... United States v. Sperling 726 F.2d 71 72 (1984); King v. Ponte 717 F.2d 635 CA1 (1984); United States v. Oxman 740 F.2d 1298, 1311 (1984) United States v. Hasting 461 U.S. 499, 516, 517 (1983) Also see the Jenck Act. 18 U.S.C § 3500; California v. Trombetta 467 U.S. 479 488 (1984), Berger v. U.S. 295 U.S. 78, 88 (1935); Fahy v. Connecticut 375 U.S. 85, 86, 87 (1963) U.S. v. Burr F. Cas 3036 (1807) U.S. Ex. Rel Thompson v. Dye 221 F 163, 765 (1955); Peter v. Kiff 407 U.S. 493 (1972). Ashley v. Texas 319 F.2d 80 CA5 (1963); Engel v. Isaac 456 U.S. 107, 133, 134 (1982) Blake v. Zant, 513 F. Supp 772 (1981); Burger v. Zant 467 U.S. 1212 1213 (1984); Francis v. Franklin 471 U.S. 307 (1985); Holloway v. Arkansas 435 U.S. 475, 482 (1978) Cuyler v. Sullivan, 446 U.S. 335, 348 (1980); Glasser v. U.S. 315 U.S. 60, 92

(9).

(7). ATTENTION UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT, "CLERK(S)" PLAINTIFF MOVE AND/OR COMPEL THE ABOVE COURT CASES "JUDGES" TO GRANT RELIEF HE SEEK IN THE NAME OF JUSTICE

Submission DATE: 7-13-2022
Signed: [signature] Sr.
The POET